

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF GEORGIA

| | |
|---|---|
| ANDREA L MARION,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INC.<br><br>    Defendant | Case No.: 1:23-cv-5916-MLB<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is a civil action brought by Plaintiff Andrea L. Marion against Defendant Transworld Systems Inc. ("TSI") for willful and reckless violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff alleges that TSI unlawfully accessed her consumer report without having a permissible purpose, as required under the FCRA.

## BASIS FOR JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p) and 28 U.S.C § 1331.

3. All conditions precedent to the bringing of this action have been carried out.

4. Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(b)(1) and 28 U.S.C § 1391(b)(2) because a substantial part of the events, omissions or conducts giving rise to Plaintiff claim occurred in this judicial district. Defendants transact business in Atlanta, Georgia.

5. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C § 1367.

## PARTIES

6. Plaintiff Andrea L Marion is a natural person and consumer as defined by 15 U.S.C § 1681a(c), residing Atlanta, Georgia.

7. Upon information and belief, Transworld Systems Inc., is a California state corporation. Services of process for Defendant are Corporation Service Company 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

8. The acts of Defendants as described in the Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and /or employees acting withing the scope of their actual or apparent authority.

As such, all references to "Defendant" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

9. On or about June 15, 2021, Defendant accessed Plaintiff's consumer report from TransUnion, a consumer reporting agency, without verifying the legitimacy of any alleged debt.

10. On June 14, 2021, Plaintiff formally disputed the alleged debt and requested validation from Defendant. Plaintiff's dispute letter specifically demanded validation of the purported debt and requested that Defendant refrain from any collection activities until such validation was provided.

11. Despite receiving Plaintiff's dispute and request for validation, TSI accessed Plaintiff's consumer report on June 15, 2021, without any basis or documentation to establish a permissible purpose as required under 15 U.S.C. § 1681b.

12. Defendant's actions were undertaken with knowledge that they had no legitimate business relationship with Plaintiff, nor any proof that Plaintiff

owed the alleged debt. These actions were reckless and in violation of Plaintiff's rights under the FCRA and FDCPA.

## REVISED ALLEGATIONS OF RECKLESS AND WILLFUL CONDUCT

### Pattern of Behavior and Willful Noncompliance

13. On or about June 15, 2021, TSI accessed Plaintiff's consumer report without having prior verification of a legitimate debt. Despite Plaintiff's dispute and request for validation on June 14, 2021, Defendant proceeded to access the consumer report the very next day, knowingly disregarding Plaintiff's rights under the FCRA.

14. TSI accessed Plaintiff's consumer report without any existing business relationship, contractual obligation, or permissible purpose under 15 U.S.C. § 1681b. This unauthorized access demonstrates a disregard for TSI's obligations under the FCRA and suggests a pattern of willful or reckless behavior.

### Intentional Conduct

15. Defendant's unauthorized access to Plaintiff's credit report, despite having clear indications that no valid debt existed and lacking any validation from any creditor, demonstrates a reckless disregard for FCRA requirements. Such conduct forms part of a broader pattern of behavior exhibited by TSI, as Defendant has faced multiple similar complaints and regulatory actions.

16. In 2017, TSI was subject to a consent order by the **Consumer Financial Protection Bureau ("CFPB"),** where it was fined $2.5 million for pursuing debts without sufficient documentation, filing misleading affidavits, and failing to comply with consumer protection laws. Such repeated violations indicate that Defendant's conduct in accessing Plaintiff's consumer report without verification was willful and deliberate.

17. Additionally, there have been cases such as *Osure Brown v. Transworld Systems, Inc.*, which further demonstrate TSI's involvement in unauthorized and improper debt collection practices. This history demonstrates a pattern of behavior, supporting Plaintiff's claims of willfulness or recklessness in the unauthorized pulling of credit reports by TSI.

18. The repeated unauthorized access of Plaintiff's consumer report, combined with TSI's documented history of similar violations in other cases, suggests that TSI has consistently acted with willful disregard for consumer protections under the FCRA. TSI's behavior reflects a pattern of improper and unauthorized access to consumer credit information, thereby demonstrating the willfulness required to support Plaintiff's claims for statutory damages under 15 U.S.C. § 1681n.

# TSI'S RECKLESS DISREGARD FOR FCRA COMPLIANCE AND FDCPA VIOLATIONS

### Failure to Verify Debt Before Access

19. TSI accessed Plaintiff's consumer report without taking any reasonable steps to verify whether a legitimate debt existed. The lack of verification is a clear violation of Defendant's obligations under 15 U.S.C. § 1681b, which mandates that consumer report access must be preceded by a permissible purpose.

20. Defendant's conduct is comparable to that in *Hinkle v. Midland Credit Management, Inc.*, where the court found that failing to validate a debt before pursuing collection activities constituted willful noncompliance. Similarly, TSI's failure to validate Plaintiff's debt before accessing her credit report establishes recklessness and a disregard for consumer protections under the FCRA.

### Ignoring Disputes and Failure to Cease Collection Activity During Dispute

21. On June 14, 2021, Plaintiff disputed the validity of the alleged debt and requested validation from TSI. Despite Plaintiff's dispute, TSI accessed Plaintiff's consumer report the very next day without conducting any investigation into the validity of the debt. Such behavior reflects a disregard for 15 U.S.C. § 1681s-2(b) and 15 U.S.C. § 1692g(b), which

mandates proper investigation and verification of disputed information before continuing with collection activities.

22. The conduct of accessing a consumer report during an active dispute, without awaiting resolution or validation, clearly shows a reckless disregard for Plaintiff's rights and statutory protections under both the FCRA and FDCPA.

**Pattern of Unauthorized Behavior and Misleading Communications**

23. TSI communicated to Plaintiff that they had placed the account in "restrictive status" and would not pursue further collection activities. Despite this acknowledgment, Defendant proceeded to access Plaintiff's consumer report. Such actions violate 15 U.S.C. § 1692e, which prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt. TSI's continued actions after indicating restrictive status demonstrate a reckless and willful disregard of Plaintiff's rights.

24. TSI's disregard for permissible purpose requirements forms part of a broader pattern of unlawful conduct. Besides the 2017 CFPB action, Defendant has been involved in other cases where it accessed consumer information without proper authorization, including *Martha Osorio v.*

*Transworld Systems Inc.* and *Kathleen McKee v. Transworld Systems Inc.*, both of which allege similar misconduct.

25. In this case, *Martha Osorio v. Transworld Systems Inc. (2024)*, the plaintiff filed a lawsuit against TSI for allegedly violating the **Fair Debt Collection Practices Act (FDCPA)**. The case highlights allegations related to TSI's improper use of credit report information in attempts to collect debts. Although this case was specific to debt collection practices, it indicates potential unauthorized or improper use of credit information by TSI.

26. TSI faced a class action lawsuit alleging that its debt collection letters were inaccurate, unclear, and failed to disclose important details, such as whether the debt was time-barred. This class action lawsuit - *Kathleen McKee v. Transworld Systems Inc. (2023)* also highlights the company's improper handling of consumer information, which may include accessing consumer credit reports without proper authorization or purpose.

27. This history of similar violations underscores Defendant's systematic failure to comply with FCRA requirements and reinforces that their actions in accessing Plaintiff's consumer report were neither isolated nor unintentional, but rather reckless and willful.

## **FAILURE TO ESTABLISH A BUSINESS RELATIONSHIP**

### No Existing Business Relationship

28. At no time did Plaintiff have any existing business relationship or contractual agreement with TSI. Despite this lack of connection, TSI accessed Plaintiff's credit report under the guise of debt collection. Such actions were carried out without a permissible purpose as defined by 15 U.S.C. § 1681b, illustrating TSI's conscious decision to violate Plaintiff's privacy rights under federal law.

29. TSI received Plaintiff's written dispute and request for validation on June 14, 2021, which put TSI on notice that it needed to verify any purported debt before taking any further action. Despite this, TSI accessed Plaintiff's consumer report the very next day. This rapid access without any apparent attempt to fulfill their legal obligation to verify the debt before re-engaging demonstrates not only negligence but a willful and reckless disregard of Plaintiff's rights under the FCRA.

30. Plaintiff notes again that TSI's disregard for FCRA requirements is part of a broader pattern of unlawful behavior, as evidenced by the 2017 CFPB enforcement action, which found that TSI pursued debt collection actions without necessary documentation or a legitimate basis. The recurrence of these behaviors, even after enforcement penalties, indicates that TSI's

access of Plaintiff's consumer report was not a mistake but rather a willful decision to ignore legal obligations.

31. TSI's unauthorized access to Plaintiff's consumer report caused emotional distress, including anxiety and uncertainty regarding Plaintiff's financial standing. This invasion of privacy also had the potential to damage Plaintiff's reputation, as inaccurate or unauthorized credit report inquiries can negatively affect creditworthiness.

**Communications from TSI Demonstrating Lack of Permissible Purpose**

32. On June 15, 2021, despite Plaintiff's formal dispute and request for validation submitted on June 14, 2021, TSI accessed Plaintiff's consumer report. TSI had acknowledged the receipt of Plaintiff's dispute via email and stated that they would be reviewing the matter. Instead of validating the debt or even attempting to determine the legitimacy of the alleged obligation, TSI chose to proceed, reflecting willful disregard of their obligations under the FCRA.

33. On or about February 14, 2022, TSI responded to Plaintiff's CFPB complaint, stating they had placed the account in "restrictive status" to prevent further collection activity and requested to update the consumer report to reflect the dispute. However, this communication also clearly indicated that no further collection efforts were taking place. This

admission by TSI proves that it knowingly had no permissible purpose for accessing the consumer report during the disputed period and illustrates its reckless approach in handling Plaintiff's consumer information without adequate verification.

**Contradictory Communication from TSI**

34. TSI explicitly stated in a letter dated June 16, 2021, that they placed the account in a 'restrictive status to prevent further collection activity in our office' and that 'it is TSI's intent not to have any further communication' regarding the alleged account. Despite this statement, TSI failed to contact the credit reporting agencies to request removal of the account and instead requested that the account only be updated to a disputed status. This demonstrates that TSI was aware they lacked grounds for any collection activity, yet they still accessed Plaintiff's consumer report. Such conduct reflects a reckless disregard for Plaintiff's rights under the FCRA.

**Failure to Provide Adequate Debt Verification**

35. TSI provided only a copy of a billing statement from the creditor, which did not fulfill the requirements for proper debt verification as defined in *Hinkle v. Midland Credit Management Inc.* Proper verification must include specific documentation detailing the existence of the debt and the consumer's obligation to pay, such as the creditor's name, the transaction history, and proof of assignment. TSI's inability to provide these

documents while continuing to access Plaintiff's consumer report without verification indicates a reckless and willful violation of the FCRA.

**Continued Reporting Without Proper Verification**

36. TSI reported to the credit reporting agencies that the account was in dispute while simultaneously placing the account in restrictive status and ceasing collection activities. Despite their communication acknowledging the cessation of collection, TSI continued accessing Plaintiff's consumer report on multiple occasions. These contradictory actions demonstrate a reckless disregard for the statutory requirements of 15 U.S.C. § 1681b, further supporting the claim that TSI acted without a permissible purpose and with willful noncompliance.

37. The failure to comply with dispute processes, their acknowledgment of restrictive status, and continued access to your consumer report without proper verification all serve as concrete evidence of reckless disregard for FCRA compliance.

## HARM CAUSED BY DEFENDANT'S ACTIONS

38. Defendant's unauthorized inquiry caused Plaintiff emotional distress, including anxiety and uncertainty regarding Plaintiff's financial standing.

39. The unauthorized inquiry also negatively impacted Plaintiff's creditworthiness, causing damage to Plaintiff's credit score. This harm was avoidable had Defendant adhered to FCRA requirements and verified the debt prior to accessing Plaintiff's consumer report.

## COUNT I: VIOLATION OF THE
## FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681b)

40. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

41. Defendant violated 15 U.S.C. § 1681b by accessing Plaintiff's consumer report without a permissible purpose.

42. Defendant's actions were willful, intentional, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to statutory damages, actual damages, punitive damages, and attorneys' fees under 15 U.S.C. § 1681n.

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION
## PRACTICES ACT (15 U.S.C. § 1692)

43. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

44. Defendant violated 15 U.S.C. § 1692g(b) by continuing collection activities, including accessing Plaintiff's consumer report, without first providing verification of the disputed debt.

45. Defendant violated 15 U.S.C. § 1692e by making misleading statements regarding the status of the debt and falsely implying that they had a permissible purpose to access Plaintiff's credit report.

46. Defendant violated 15 U.S.C. § 1692e(8) by failing to report the disputed status of the debt accurately while continuing to access and use Plaintiff's consumer information.

47. Defendant's actions were reckless, intentional, and in violation of Plaintiff's rights under the FDCPA, entitling Plaintiff to actual damages, statutory damages, and attorneys' fees under 15 U.S.C. § 1692k.

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Andrea L Marion , respectfully demands a jury trial and request that judgment be entered in favor of the Plaintiff against the Defendants for:

    (a) Award Plaintiff actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

(b)     Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

(c)     Award Plaintiff punitive damages for Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(2);

(d)     Grant such other relief as this Court deems just and proper.

Dated: September 29, 2024

Respectfully Submitted,

*[signature]*

*Pro Se*

Andrea L Marion

3201 Kenelworth Dr apt 5

East Point, GA 30344

716-342-5798

dreabby7556@amfinancialservice.com